IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN BURKE, ) | |
| a/k/a JIHAD ABDUL-LATEEF, ) | |
| IDOC # B-60083, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-711-GPM |
| ) | |
| SALVADOR GODINEZ, ) | |
| RICK HARRINGTON, ) | |
| ASSISTANT WARDEN BUTLER, ) | |
| JOHN TOURVILLE, ) | |
| GEORGE WILLBORN, ) | |
| MICHELLE BUSCHER, MISTI PRICE, ) | |
| LORI OAKLEY, UNKNOWN PARTY, ) | |
| and JORGE L. MONTES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, who at the time he filed this action was incarcerated in the medium security unit at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This matter is now before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2).

This is not Plaintiff's first attempt to seek relief in this Court for the claims he raises herein. Previously, he brought the same claims in *Burke v. Godinez*, Case No. 13-cv-345-JPG ("*Burke I*"). The complaint in the instant case (Doc. 1) is virtually identical to Plaintiff's

amended complaint in *Burke I* (Doc. 12 in that case).[1]

Before bringing *Burke I*, Plaintiff had filed three other actions in other federal courts which had been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. As a result of those dismissals, Plaintiff incurred three "strikes" under the Prison Litigation Reform Act ("PLRA"), and he lost his eligibility to proceed IFP in a new federal case unless his allegations showed that he was under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[2] This Court in *Burke I* determined that Plaintiff's claims failed to make that showing, and his motion for leave to proceed IFP was denied (Doc. 7 in *Burke I*). When he failed to pre-pay the $350.00 filing fee, his case was dismissed without prejudice (Doc. 13 in *Burke I*).

In the instant case, Plaintiff attempted to circumvent the restrictions of the three-strikes provision of the PLRA. When Plaintiff filed his complaint in the instant case, he also submitted a notice of his prospective change of address because he was anticipating his release from prison in a matter of days (Doc. 3). In this notice, Plaintiff asserts, "the so-called three-strike provision of the so-called Prison Litigation Reform Act does not apply to my In forma pauperis application therefore I am up to bat again and its [sic] time to play ball" (Doc. 3). Unfortunately for Plaintiff, his argument is a swing and a miss.

---

[1] In the instant complaint, Plaintiff has substituted Defendant Lori Oakley in place of Betsy Spiller, whom he had named in *Burke I*, and he omitted the two-page summary of his litigation history. In all other respects, Doc. 1 herein is the same document as Doc. 12 in *Burke I*.

[2] 28 U.S.C. § 1915(g) states: " In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In order for the Court to evaluate Plaintiff's request for IFP status, the threshold question is whether Plaintiff is a "prisoner" within the meaning of the IFP statute. If he is a "prisoner," then the three-strike provision in the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(g), must be applied in this case. The Seventh Circuit has directed that a determination of whether a plaintiff is a "prisoner" must be made as of the time the lawsuit is filed. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998), *citing Abdul-Wadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996). In *Kerr*, the Plaintiff avoided the three-strike provision of 42 U.S.C. § 1997e(e) by filing his suit after he was released from prison. *Kerr*, 138 F.3d at 323. As a parolee, *Kerr* no longer met the statutory definition of "prisoner" in 42 U.S.C. § 1997e(h):

> As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

*Id.*, *quoting* 42 U.S.C. § 1997e(h). Significantly, this definition of "prisoner" is identical to the definition used in the *in forma pauperis* statute, which is the relevant consideration here. *See* 28 U.S.C. § 1915(h).

The circumstances in the case at bar are the exact opposite of the circumstances in *Kerr*. While Plaintiff was released from prison on July 22, 2013, and is now a free man, his pleadings demonstrate that he was still incarcerated/detained at Menard on July 19, 2013, the date he filed the instant complaint (Doc. 1, p. 4; Doc. 3). His pleadings were submitted to the Court via Menard's electronic filing system (Doc. 2, p. 1), and his July 19 notice of change of address stated that as of July 22, 2013, he would "no longer be held captive in the so-called Illinois Department of Corrections" (Doc. 3). Therefore, he was a prisoner at the time he commenced this action, and must continue to be considered a "prisoner" as the Court evaluates his IFP motion. His subsequent release does not allow him to avoid the restrictions of the PLRA.

Accordingly, Plaintiff cannot proceed IFP in this action unless his pleadings demonstrate that he is under imminent danger of serious physical injury within the meaning of § 1915(g). In *Burke I*, on the basis of the identical pleading filed herein as Doc. 1, this Court determined that Plaintiff did not show he was in imminent danger so as to overcome the three-strike bar of § 1915(g) (*See* Doc. 13 in *Burke I*). Nothing in the instant case points to a different conclusion. Because Plaintiff's allegations were thoroughly reviewed in Docs. 7 and 13 in *Burke I*, that discussion shall not be repeated here. Furthermore, because Plaintiff has been released from Menard, where the events at issue in the complaint occurred, he is obviously not in imminent danger of harm.

To conclude, since Plaintiff has incurred three strikes, and he cannot demonstrate that he is under imminent danger of serious physical injury, he cannot proceed IFP. Plaintiff must pay the full filing fee before he can step up to the plate in this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed IFP in this action (Doc. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00[3] for this action within **twenty-one (21) days** of the date of entry of this Order (**on or before September 4, 2013**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed without prejudice. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each

---

[3] As of May 1, 2013, the Judicial Conference of the United States imposed an additional $50.00 administrative fee, which increased the filing fee for a civil case from $350.00 to a total of $400.00. *See* 28 U.S.C. § 1914(a). The additional $50.00 does not apply to persons who are granted IFP status under 28 U.S.C. § 1915.

opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than seven (7) days after a change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

DATED:  August 14, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge